UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DANIEL JOHNSON,<br>          Plaintiff,<br>    v.<br>DOE, et al.,<br>          Defendants. | Case No. 25-cv-02821-JSC<br><br>**ORDER OF TRANSFER**<br>(ECF No. 8) |

Plaintiff is a federal prisoner at the Federal Correctional Institute in Oxford, Wisconsin (FCI Oxford) proceeding without representation by an attorney. He filed a letter complaining about the conditions of his confinement and the actions of prison staff. (ECF No. 1.) The Clerk construed the letter as an effort to bring a civil rights complaint, opened this case, and sent him a civil rights complaint form, an application to proceed in forma pauperis, and a notice of assignment to a United States Magistrate Judge.[1] (ECF Nos. 2-4.) Plaintiff sent a request for an extension of time to file a complaint and consent to a United States Magistrate Judge.[2] (ECF No. 8.)

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in

---

[1] The case was originally assigned to a Magistrate Judge before being reassigned to the undersigned District Judge because Plaintiff did not file a consent to the jurisdiction of a Magistrate Judge by the deadline.

[2] Plaintiff has not responded to the notice that he has not paid the filing fee or filed an application to proceed in forma pauperis. Although the deadline in the deficiency notice has passed (ECF No. 3), the Court defers to the Eastern District of Wisconsin, which has venue over Plaintiff's claims, to determine whether Plaintiff should be granted additional time to pay the fee or seek leave to proceed IFP.

which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). When a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).

Plaintiff's allegations arise out of events occurring at FCI Oxford, and the allegedly responsible officials are located there. Oxford, Wisconsin, is in Marquette County, Wisconsin, which is in the venue of the United States District Court for the Eastern District of Wisconsin. *See* 28 U.S.C. § 130.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

The Clerk of the Court shall transfer this matter forthwith. In light of this transfer, the Court defers to the Eastern District of Wisconsin for ruling on the motion for an extension of time. (ECF No. 8).

The Clerk shall terminate docket number 8 from this Court's docket.

**IT IS SO ORDERED.**

Dated: June 5, 2025

JACQUELINE SCOTT CORLEY
United States District Judge